1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | | |
|---|---|---|
| PAUL HUPP, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 03-5387 BZ |
| | ) | |
| v. | ) | **ORDER ON CROSS MOTIONS FOR** |
| | ) | **SUMMARY JUDGMENT** |
| CITY OF WALNUT CREEK, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

18     Paul Hupp filed this action pursuant to 42 U.S.C. §§ 1983

19 and 1988 alleging violations of the Fourth and Fourteenth

20 Amendments of the United States Constitution, against the City

21 of Walnut Creek and Walnut Creek Police Officer Mitchell

22 Rebello.  The complaint alleges that defendants violated

23 plaintiff's constitutional rights by unlawfully seizing his

24 person and vehicle and using excessive force in handcuffing

25 him.  The complaint also alleges that defendants intentionally

26 inflicted emotional distress on plaintiff and that the City of

27 Walnut Creek was grossly negligent in hiring, training and

28 supervising its officers.  The parties have filed cross

1

1    motions for summary judgment.[1]

2        The undisputed material facts and evidence establish that

3    on November 21, 2003, at about 9:30 a.m., Officer Rebello,

4    while working a seatbelt enforcement detail, stopped Mr. Hupp

5    for wearing his seatbelt under his left arm instead of over

6    his upper torso.[2]  Officer Rebello cited plaintiff for

7    violating Cal. Veh. Code § 27315(d)(1)and asked plaintiff to

8    sign the "promise to appear" portion of the citation.[3]

9    Plaintiff did not sign but asked to be taken before a

10   magistrate.  Officer Ichimaru and Sergeant Martinez of the

11   Walnut Creek Police Department arrived to assist Officer

12   Rebello.  Officer Rebello informed Sergeant Martinez that

13   plaintiff had failed to sign the "promise to appear" and had

14   requested to appear before a magistrate.  Officer Rebello then

15   handcuffed plaintiff and took him into custody.  Plaintiff

16   complained that the handcuffs were too tight, and Officer

17   Ichimaru adjusted them.  Officer Rebello then arranged for the

18   towing and storage of plaintiff's truck pursuant to Cal. Veh.

19   Code §§ 22650 and 22850.  Plaintiff was taken before a

20   magistrate, arraigned on the charges in the citation and

21

22        [1]   All parties have consented to my jurisdiction
     pursuant to 28 U.S.C. § 636(c).

23

24        [2]   Plaintiff's objection to defendants' use of portions
     of his deposition in their motion is overruled.  Pursuant to
     Fed. R. Civ. P. 32(a)(4) plaintiff may require defendants "to
25   introduce any other part which ought in fairness to be
     considered with the part introduced."  He has not done so, nor
26   introduced those portions himself.

27        [3]   Plaintiff was also cited for failing to notify the
     DMV that his address had changed.  He was convicted of this
28   offense, and while mentioned in his complaint, he does not
     appear to challenge the constitutionality of this citation.

1    released.  On December 23, 2005, after a trial in the Traffic

2    Court, he was found guilty and fined.  He did not appeal.[4]

3         Summary judgment is appropriate when there is no genuine

4    issue as to any material facts and the moving party is

5    entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

6    There is no genuine issue of material fact where "the record

7    taken as a whole could not lead a rational trier of fact to

8    find for the non-moving party."  Matsushita Elec. Indus. Co.

9    v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving

10   party need not produce admissible evidence showing the absence

11   of a genuine issue of material fact when the non-moving party

12   has the burden of proof, but may discharge its burden simply

13   by pointing out that there is an absence of evidence to

14   support the non-moving party's case.  See Celotex Corp. v.

15   Catrett, 477 U.S. 317, 324-325 (1986).  Once the moving party

16   has done so, the non-moving party must "go beyond the

17   pleadings and by her own affidavits, or by the depositions,

18   answers to interrogatories, and admissions on file, designate

19   specific facts showing that there is a genuine issue for

20   trial."  Id. at 324.  When determining whether there is a

21   genuine issue for trial, "inferences to be drawn from the

22   underlying facts . . . must be viewed in the light most

23   favorable to the party opposing the motion."  Matsushita, 475

24   U.S. at 587.  Although the parties have filed cross motions,

25   where required, the Court has viewed the facts in the light

26

27   ────────────────

28        [4]    Plaintiff asserts he did not appeal because the fine
     "was not worth the time, effort and money to appeal."  Hupp
     Decl. ¶ 77.  In any case, the convictions stand.

3

1   most favorable to plaintiff.[5]

2       Plaintiff first claims his arrest was unconstitutional.

3   Since plaintiff was convicted of the charges for which he was

4   arrested, plaintiff cannot now file a civil rights claim that

5   challenges the basis for his arrest.  Heck v. Humphrey, 512

6   U.S. 477 (1994).  Having been convicted of failing to wear his

7   seatbelt properly, he cannot now claim that it was

8   unconstitutional for Officer Rebello to arrest him for not

9   wearing his seatbelt properly.

10      Putting the rule of Heck aside, plaintiff's arrest was

11  not invalid.  California law makes it illegal to drive a car

12  unless "properly restrained by a safety belt."  Cal. Veh. Code

13  § 27315(d)(1).  Officer Rebello had probable cause to arrest

14  plaintiff upon observing plaintiff wearing his seatbelt under

15  his left arm and not across his upper torso.   It is not

16  unconstitutional to arrest a driver for failing to wear a

17  seatbelt.  Atwater v. City of Lago Vista, 532 U.S. 318 (2001).

18  Under California law, a police officer who stops a driver for

19  a seatbelt violation may issue that person a citation if the

20  driver "promises to appear."  When plaintiff requested to be

21  taken before a magistrate instead of signing the "promise to

22  appear" portion of the citation, Officer Rebello was

23  authorized to arrest plaintiff under California law.  Cal.

24  Pen. Code § 853.5(a); Cal. Veh. Code § 40302.  Therefore,

25  plaintiff's motion for summary judgment on the illegal seizure

26  claim is **DENIED**, and defendants' motion for summary judgment

27  _____

28      [5]   Plaintiff is a *pro se* litigant who has graduated from
    law school but is not a practicing attorney.

                                4

is **GRANTED.**

Plaintiff next claims Officer Rebello used excessive force in handcuffing him.  This excessive force claim is not supported by the facts of this case.  Viewed most favorably to plaintiff, the facts are that Officer Rebello, upset because plaintiff questioned him about seatbelt design and usage and asked to be taken before a magistrate, "used extra ordinary [sic] and violent force handcuffing" plaintiff, and plaintiff "requested the supervising officer to loosen the handcuffs . . .. After loosening the handcuffs [plaintiff's] thumbs were still numb, and [he] asked to have them loosened a second time, which the supervising officer did again."  (Hupp Decl. ¶¶ 45-46).  Plaintiff presents no evidence other than his subjective complaints that the handcuffs produced any bruising or caused any physical injury.  He does not provide corroborating evidence from medical records or other witnesses.  Plaintiff admits that defendants did not ignore his complaint that the handcuffs were tight but adjusted them twice.  The force used to handcuff plaintiff seems no different from the force used to handcuff Ms. Atwater. Atwater 532 U.S. at 354-55.  In cases where the Ninth Circuit has held that excessively tight handcuffing can constitute a Fourth Amendment violation, plaintiffs either were demonstrably injured by the handcuffs or their complaints about the handcuffs being too tight were ignored by the officers.  See e.g., Wall v. County of Orange, 364 F.3d 1107, 1109-20 (9th Cir. 2004)(doctor testified arrestee suffered nerve damage); LaLonde v. County of Riverside, 204 F.3d 947,

1   952, 960 (9th Cir. 2000)(arrestee complained to officer who

2   refused to loosen handcuffs); <u>Palmer v. Sanderson</u>, 9 F.3d

3   1433, 1434-36 (9th Cir. 1993)(arrestee's wrists were

4   discolored and officer ignored his complaint). <u>Compare</u>

5   <u>Gonzalez v. Pierce County</u>, 2005 WL 2088367 at *9 (W.D. Wash.

6   August 29, 2005)(affirming dismissal of excessive force claim

7   because "plaintiff never complained to officers nor has she

8   shown any injury or specific facts that would show more than

9   *de minimis* discomfort"). Absent in this case is evidence of a

10  physical manifestation of injury or of a complaint about tight

11  handcuffs that was ignored. Plaintiff's motion for summary

12  judgment on the excessive force claim is **DENIED** and

13  defendants' motion is **GRANTED.**

14      Defendants are also entitled to summary judgment on

15  plaintiff's claim that defendants unlawfully and

16  unconstitutionally seized his property by towing and storing

17  his vehicle after his arrest. Although plaintiff provides no

18  authority that Cal. Veh. Code §§ 22651(h)(1) and 22852 are

19  unconstitutional, he appears to base his claim on the

20  following arguments:  Cal. Veh. Code § 22651(h)(1) is

21  unconstitutional because it fails to advance a legitimate

22  government interest, and Cal. Veh. Code § 22852 is

23  unconstitutional because an institutionally biased party is

24  allowed to adjudicate the hearing and the statute does not

25  provide for judicial review of the final determination.

26      Plaintiff's argument regarding Cal. Veh. Code §

27  22651(h)(1) fails. Impounding an unattended vehicle advances

28  a number of legitimate government purposes. <u>South Dakota v.</u>

1   <u>Opperman</u>, 428 U.S. 364, 369 (1976) ("The authority of the

2   police to seize and remove from the streets vehicles impeding

3   traffic or threatening public safety and convenience is beyond

4   challenge").  Impounding a vehicle when the driver has been

5   arrested and there is no responsible adult present to

6   immediately take custody of the vehicle also has a legitimate

7   government purpose.  <u>United States v. Ponce</u>, 8 F.3d 989, 995-

8   96 (5th Cir. 1993)("[T]he Supreme Court recognized that

9   automobiles are impounded [i]n the interests of public safety

10  and as part of what the Court has called 'community caretaking

11  functions.'" (<u>quoting</u> <u>Opperman</u> 428 U.S. at 368)(internal

12  quotations omitted)).  In the instant case, plaintiff was

13  properly arrested, and his vehicle could have been left

14  unattended for a long time.[6]  Plaintiff has failed to show

15  that Cal. Veh. Code § 22651(h)(1) advances no legitimate

16  government interest and is unconstitutional.[7]  Plaintiff's

17

18      [6]    Other circuits have addressed the constitutionality
        of similar impoundment statutes.  <u>United States v. Duguay</u>, 93
19      F.3d 346, 354 (7th Cir. 1996)("Impoundments by Illinois police
        have been affirmed in many circumstances where the arrestee
20      could not provide for the speedy and efficient removal of the
        car, such as where the driver is the sole occupant and is
21      legitimately arrested").  <u>Cabbler v. Superintendent, Virginia
        State Penitentiary</u>, 528 F.2d 1142, 1146 (4th Cir.
22      1975)(accepting as a reason for impounding a car after the
        driver's arrest "to give protection to the personal effects of
23      a prisoner").

24      [7]    Officer Rebello's statement that he would teach
        plaintiff a lesson by having his truck impounded does not alter
25      this analysis.  The thrust of California's regulatory scheme is
        to encourage a driver stopped for a minor traffic offense to
26      sign a "promise to appear."  The lesson to be learned from
        failing to do so is the one plaintiff learned; the driver is
27      subject to arrest and where there is no one to tend to the
        vehicle, it may be impounded.  While the remark may have been
28      gratuitous, it does not convert the lawful impoundment of the
        vehicle into an unconstitutional act.

1    motion for summary judgment with respect to this issue is

2    **DENIED** and defendants' motion is **GRANTED.**

3           As for plaintiff's first argument regarding Cal. Veh.

4    Code § 22852, the Ninth Circuit has held that "[t]here is no

5    constitutional requirement that the decisionmaker be an

6    uninvolved person when a property interest protected by due

7    process is at stake." Jordan v. City of Lake Oswego, 734 F.2d

8    1374, 1376 (9th Cir. 1984).  The Circuit has rejected

9    plaintiff's institutional bias argument in other cases

10   involving towing and storage of vehicles.  See David v. City

11   of Los Angeles, 307 F.3d 1143, 1147 (9th Cir. 2002), *rev'd on*

12   *other grounds*, 538 U.S. 715 (2003), *remanded to* 335 F.3d 857

13   (9th Cir. 2003)(denying plaintiff's claim that the "mere fact

14   that the hearing examiner was employed by the agency–or the

15   City–was sufficient to show a due process violation because

16   the officer who ordered the towing and storage worked for the

17   agency also").[8]

18          Plaintiff's second argument similarly fails.  Plaintiff

19   has not cited any authority that due process requires a right

20   to judicial review of administrative decisions.  In fact, the

21   Ninth Circuit rejected plaintiff's argument in Conner v. City

22   of Santa Ana, 897 F.2d 1487, 1492-93 (9th Cir. 1990)("There is

23   no requirement, however, that a court must be involved in the

24   ─────────────────────

25          [8]    Plaintiff also contends his constitutional rights
     were violated because he did not receive notice of the storage
     of his vehicle until December 2, 2003, and Cal. Veh. Code §

26   22852(b) requires such notice to be mailed or delivered within
     48 hours.  The 10-day delay between the impoundment and storage

27   of plaintiff's vehicle and his receipt of notice does not
     amount to a constitutional violation.  David, 538 U.S. at 718-

28   19 (holding that a 30-day delay in holding a hearing regarding
     an impounded automobile does not violate due process).

1    process in order to comply with the constitution"). In any

2    event, the Ninth Circuit noted in <u>Conner</u>, plaintiff "did have

3    a right to judicial review" under Code Civ. Proc., § 1094.5.

4    <u>Id</u>. at 1493. As in <u>Conner</u>, plaintiff does not claim that he

5    attempted to exercise such right in this case. Therefore,

6    plaintiff's motion for summary judgment that Cal. Veh. Code §

7    22852 is unconstitutional is **DENIED** and defendants' motion is

8    **GRANTED**.[9]

9         The City of Walnut Creek is also entitled to summary

10   judgment on the claim that the City failed to hire, train and

11   supervise its officers properly. Such failures may subject

12   the municipality to liability under § 1983 only if they injure

13   a plaintiff and evidence a deliberate indifference to

14   constitutional rights. <u>See City of Canton v. Harris</u>, 489 U.S.

15   378, 390-91 (1989). A municipality is deliberately

16   indifferent when it is "on actual or constructive notice of

17   the need to train." <u>Farmer v. Brennan</u>, 511 U.S. 825, 841

18   (1994). A local government may not be liable for damages for

19   civil rights violations based on the doctrine of respondeat

20   superior. As a result, a government body cannot be held

21   liable under § 1983 merely because it employs a tortfeasor.

22   <u>Monell v. Department of Soc. Services</u>, 436 U.S. 658, 691-92

23   (1978).

24        Based on the record before the Court, plaintiff has not

25   proven that the hiring process or training or supervision of

26   _____

27        [9]   In view of the Court's findings that plaintiff's
     constitutional rights were not violated, I need not reach
28   Officer Rebello's further argument that he is entitled to
     qualified immunity because the constitutional rights were not
     clearly established.

9

1   Officer Rebello was inadequate or what additional steps in
2   hiring, training and supervising were necessary or
3   appropriate.  Plaintiff has not met the <u>Celotex</u> burden to
4   counter defendants' motion for summary judgment.  Therefore,
5   the record taken as a whole could not lead a rational trier of
6   fact to find for plaintiff with respect to this claim.
7   Plaintiff's motion for summary judgment against the City of
8   Walnut Creek is **DENIED** and the City's motion for summary
9   judgment is **GRANTED.**

10        Plaintiff additionally accuses defendants of intentional
11  infliction of emotion distress.  While plaintiff claims to
12  have felt extreme humiliation from having to walk through a
13  courtroom lobby while handcuffed and in his gym clothes,
14  plaintiff has not established that defendants' conduct was
15  extreme and outrageous as to go beyond all possible bounds of
16  decency.  <u>Davidson v. City of Westminster</u>, 32 Cal.3d 197, 209
17  (1982).  After all, it was plaintiff, dressed in gym clothes,
18  who did not "promise to appear" and asked to be taken to
19  court.  Accordingly, plaintiff's motion for summary judgment
20  on the intentional infliction of emotional distress is **DENIED**
21  and defendants' motion for summary judgment is **GRANTED.**

22       It is hereby **ORDERED** that defendants' motion for summary
23  judgment on the complaint is **GRANTED** and plaintiff's motion
24  for summary judgment is **DENIED.**  Plaintiff's request for
25  ///
26  ///
27  ///
28  ///

1  attorney's fees is **DENIED**.[10]

2  Dated: September 30, 2005

3

4  _____
                Bernard Zimmerman
5       UNITED STATES MAGISTRATE JUDGE

6  G:\BZALL\-BZCASES\HUPP\SJM.ORDER.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  [10]    Plaintiff's and defendants' evidentiary objections
are overruled.  The disputed evidence did not affect the
outcome of the Court's decision.

                                11